IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BRIAN MICHAEL WATERMAN,

    **Plaintiff,**

    v.                                   CASE NO. 24-3239-JWL

JEFF ZMUDA, et al.,

    **Defendants.**

### MEMORANDUM AND ORDER TO SHOW CAUSE

Plaintiff Brian Michael Waterman is hereby required to show good cause, in writing to the undersigned, why this action should not be dismissed due to the deficiencies in Plaintiff's Complaint that are discussed herein. Plaintiff is also given the opportunity to file an amended complaint to cure the deficiencies.

### I. Nature of the Matter before the Court

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983. Plaintiff is incarcerated at the Hutchinson Correctional Facility in Hutchinson, Kansas ("HCF"). The Court granted Plaintiff leave to proceed in forma pauperis. Plaintiff names defendants from HCF as well as from the Lansing Correctional Facility in Lansing, Kansas ("LCF").

Plaintiff's allegations relate to a torn shoulder muscle that Plaintiff claims he has had for two and a half years. (Doc. 1, at 2.) Plaintiff claims that Jeff Zmuda has not held Centurion to its contract under "ACA/NCCHC standards under IMPP 16-1010 Access to and Availability of health care services." *Id*. at 2. Plaintiff alleges that Centurion has not ordered physical therapy since December 2023. *Id*.

Plaintiff's Complaint contains one count. As Count I, Plaintiff claims deliberate indifference to his serious medical needs and cruel and unusual punishment. *Id*. at 4. Plaintiff

alleges that Dr. Wilson or John Doe denied physical therapy after an "orthopedic" [sic] ordered physical therapy twice a week for a month. *Id*. at 4–5. Plaintiff alleges that he was only given one session and was "left to suffer with a torn shoulder muscle." *Id*. at 5. Plaintiff alleges that Dr. Wilson "was allowed by Centurion, HSA Jane Doe and Regional Medical director and 'OHCC' Executive Director of health care compliance under IMPP 16-110D." *Id*. Plaintiff claims that he has suffered daily with substantial pain, his shoulder has remained untreated for two and a half years, and now surgery is required. *Id*. at 5–6. Plaintiff was told by a Dr. Wade that he will get lock joint without surgery. *Id*. at 6. Plaintiff acknowledges that "shots were administered for shoulder again . . .." *Id*.

Plaintiff alleges that he is still struggling to get medical care from Centurion and the Kansas Department of Corrections ("KDOC"). *Id*. Plaintiff alleges that he has re-injured his shoulder due to being placed in a cell with a five-foot bean hole that forces him to raise his shoulder and wrists up to be handcuffed. *Id*. Plaintiff alleges that he is forced to squeeze his shoulders together. *Id*. Plaintiff also alleges that he was denied a mattress for over 48 hours by UT Fox, which caused more pain and suffering. *Id*. Plaintiff alleges that he was given "half a mattress that is less than an inch thick with mold on it." *Id*. He alleges that he has asthma and severe allergies, and the moldy mattress is causing him to cough. *Id*. Plaintiff claims he has been laying on the mattress for over a month. *Id*. Plaintiff alleges that UT Koob and Master Sgt. Tair were notified about the mattress through a Form 9, and refused to order a new one. *Id*.

Plaintiff names as defendants: Jeff Zmuda, Secretary of Corrections; Centurion; Melissa Waldock, Classification; Dr. Wilson or John Doe, Doctor at LCF; Health Service Administrator ("HSA") Jane Doe at LCF; Regional Medical Director John Doe; Director Executive OHCC John Doe; (fnu) Koob, Unit Team at HCF; and (fnu) Fox, Unit Team at HCF. For relief,

Plaintiff seeks compensatory relief in the amount of $35,000.00 from Dr. Wilson, HSA Jane Doe, Jeff Zmuda, Centurion, Executive Director, Fox, Koob, and Regional Medical Director. *Id*. at 8. Plaintiff also seeks $25,000 in punitive damages, and injunctive relief as follows:

> That Jeff Zmuda review my medical file and report Centurion to the healing arts, Dr. Wilson, John Doe, Executive Director OHCC, HSA Jane Doe at LCF, RMD John Doe for misconduct failure to treat inmates adequately. Jeff Zmuda order a new training for all facilities for medical. A new representative to oversee Centurion health care to ensure contemporary standard of care under ACA an[d] NECHC. That Centurion hire full time physical therapists for all facilities to ensure contemporary standard of care. That I get surgery for my right shoulder a scope and timely physical therapy afterward.

*Id*. at 9.

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th

Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the

line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III. DISCUSSION

### 1. Official Capacity Claims

Plaintiff sues all the defendants except Centurion in both their individual and official capacities. The Court notes that an official-capacity suit is another way of pleading an action against the governmental entity itself. *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). "The Tenth Circuit has made it clear that where a claimant seeks relief against a KDOC official in his or her official capacity, the party seeks judgment against the KDOC itself, rendering the claim as one against the sovereign." *Jamerson v. Heimgartner*, No. 5:17-3205-JAR-KGG, 2020 WL 1923074, at *10 (D. Kan. April 21, 2020) (citing *Jones v. Courtney*, 466 F. App'x 696, 699 – 700 (10th Cir. 2012) (collecting cases)).

The Eleventh Amendment therefore applies to any official capacity claims against a KDOC defendant. *Id*. The Eleventh Amendment generally "bars federal suits against state officers in their official capacities for money damages." *Franklin v. Kansas Dep't of Corr.*, 160 F. App'x 730, 734 (10th Cir. 2005) (unpublished) (citing *Edelman v. Jordan*, 415 U.S. 651, 663 (1974)); *see also Staples v. United States*, 762 F. App'x 525, 529 (10th Cir. 2019) (unpublished) (stating that "§ 1983 authorizes official-capacity claims only for injunctive relief and not for damages") (citing *Hafer v. Melo*, 502 U.S. 21, 30 (1991)). Kansas has not waived the defense of

sovereign immunity with regard to § 1983 prisoner claims in federal courts. *Nunez v. Heimgartner*, Case No. 15-3259-EFM-DJW, 2017 WL 2264466, at *5 (D. Kan. May 24, 2017) (citing *Hunter v. Young*, 238 F. App'x 336, 338 (10th Cir. 2007)). "Moreover, the Supreme Court has held that neither states nor state officers sued in their official capacities are 'persons' within the meaning of 42 U.S.C. § 1983." *Franklin*, 160 F. App'x at 734 (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)). Therefore, Plaintiff's claim for money damages against defendants in their official capacity is subject to dismissal.

### 2. Centurion

Plaintiff names Centurion as a defendant. In the Tenth Circuit, "to hold a corporation liable under § 1983 for employee misconduct, a plaintiff must demonstrate the existence of the same sort of custom or policy that permits imposition of liability against municipalities under *Monell v. Department of Social Services*, 436 U.S. 658, 694 . . . (1978)." *Wishneski v. Andrade*, 572 F. App'x 563, 567 (10th Cir. 2014) (unpublished) (citations omitted). A corporation may not be held liable based upon respondeat superior because "vicarious liability is inapplicable to . . . § 1983 suits." *Rascón v. Douglas*, 718 F. App'x 587, 589–90 (10th Cir. 2017) (unpublished) (quoting *Iqbal*, 556 U.S. at 676); *see also Spurlock v. Townes*, 661 F. App'x 536, 545 (10th Cir. 2016) (unpublished); *Green v. Denning*, 465 F. App'x 804, 806 (10th Cir. 2012) (unpublished) ("An entity 'cannot be held liable *solely* because it employs a tortfeasor—or, in other words, [it] cannot be held liable under § 1983 on a respondeat superior theory.'") (citation omitted); *Williams v. Correct Care Sols.*, No. 19-3075-SAC, 2019 WL 2005920, at *2 (D. Kan. May 7, 2019); *Jefferson v. Aramark Corr. Servs.*, Case No. 17-3161-SAC, 2017 WL 6557419, at *2 (D. Kan. Dec. 22, 2017); *Livingston v. Correct Care Sols.*, Case No. 07-3256-SAC, 2008 WL 1808340, at *1–2 (D. Kan. Apr. 17, 2008) (stating that "[a] policy is a formal statement by the

private corporation" and "[a] custom is a persistent, well-settled practice of unconstitutional misconduct by employees that is known and approved by the corporation.").

This action is subject to dismissal as against Defendant Centurion. Plaintiff must allege facts showing a policy or a custom that caused his injury. Plaintiff has failed to allege such facts.

### 3. Personal Participation

Plaintiff alleges that Secretary of Corrections Jeff Zmuda has not held Centurion to its contract "under ACA/NCCHC standards under IMPP 16-1010." (Doc. 1, at 2.) Plaintiff alleges that Dr. Wilson "*was allowed* by Centurion, HSA Jane Doe[,] and Regional Medical [D]irector and 'OHCC' Executive Director of health care compliance under IMPP 16-110D." (Doc. 1, at 5, emphasis added.) Plaintiff claims that the "RMD" is responsible for supervising medical personnel. *Id*. Plaintiff alleges that Zmuda, Centurion, HSA, RMD, and the Executive Director, are failing to supervise acting physicians and to analyze prisoners' medical care. *Id*.

An essential element of a civil rights claim against an individual is that person's direct personal participation in the acts or inactions upon which the complaint is based. *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985); *Henry v. Storey*, 658 F.3d 1235, 1241 (10th Cir. 2011) ("But § 1983 imposes liability for a defendant's own actions—personal participation in the specific constitutional violation complained of is essential.") (citing *Foote v. Spiegel*, 118 F.3d 1416, 1423–24 (10th Cir. 1997) ("Individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation.") (citation omitted)); *Trujillo v. Williams*, 465 F.3d 1210, 1228 (10th Cir. 2006) ("In order for liability to arise under § 1983, a defendant's *direct personal responsibility* for the claimed deprivation . . . must be established.") (emphasis added) (citation omitted)). Conclusory allegations of involvement are not sufficient. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to . . .

§ 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). As a result, a plaintiff is required to name each defendant not only in the caption of the complaint, but again in the body of the complaint and to include in the body a description of the acts taken by each defendant that violated plaintiff's federal constitutional rights.

Mere supervisory status is insufficient to create personal liability. *Duffield v. Jackson*, 545 F.3d 1234, 1239 (10th Cir. 2008) (supervisor status is not sufficient to create § 1983 liability). An official's liability may not be predicated solely upon a theory of respondeat superior. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Gagan v. Norton*, 35 F.3d 1473, 1476 FN4 (10th Cir. 1994), *cert. denied*, 513 U.S. 1183 (1995). A plaintiff alleging supervisory liability must show "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Dodds v. Richardson*, 614 F.3d 1185, 1199 (10th Cir. 2010), *cert. denied*, 563 U.S. 960 (2011). "[T]he factors necessary to establish a [supervisor's] § 1983 violation depend upon the constitutional provision at issue, including the state of mind required to establish a violation of that provision." *Id.* at 1204 (citing *Iqbal*, 129 S. Ct. at 1949). Plaintiff's claims against these defendants are subject to dismissal.

In filing an amended complaint, Plaintiff should also keep in mind that the failure to comply with IMPPs or regulations does not state a constitutional violation. Violations of state law or prison regulations do not provide a cause of action under § 1983. Plaintiff must state a federal constitutional violation. State statutes do not provide a basis for liability under § 1983 which only protects rights secured by the Constitution and laws of the United States. *D.L. v.*

8

*United Sch. Dist. No. 497*, 596 F.3d 768, 776 (10th Cir. 2010) (finding that "Plaintiffs' citations to Kansas case law to support their claim . . . is unavailing, as § 1983 affords a remedy for violations of federal law and does not 'provide a basis for redressing violations of *state* law.'") (citation omitted).

Likewise, the violation of a prison regulation does not state a constitutional violation unless the prison official's conduct "failed to conform to the constitutional standard." *Porro v. Barnes*, 624 F.3d 1322, 1329 (10th Cir. 2010) (internal quotation marks omitted) (holding prisoner must establish that violation of a prison policy necessarily stated a constitutional violation). As the Tenth Circuit has stated:

> [N]o reasonable jurist could conclude that [a plaintiff's] claim that prison officials deprived him of due process by violating internal prison regulations rises to the level of a due process violation. Prison regulations are "primarily designed to guide correctional officials in the administration of a prison [They are] not designed to confer rights on inmates…." *Sandin v. Conner*, 515 U.S. 472, 481-82, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995).

*Brown v. Wyoming Dept. of Corrections*, 234 F. App'x 874, 878 (10th Cir. 2007). Any claims based on state statutes, regulations, or IMPPs, are subject to dismissal for failure to state a constitutional violation.

### 4. Eighth Amendment

#### A. Medical Care

Plaintiff claims cruel and unusual punishment based on his medical care for his shoulder. The Eighth Amendment guarantees a prisoner the right to be free from cruel and unusual punishment. "[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' . . . proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (citation omitted).

Plaintiff has acknowledged that he filed a prior case in this Court based on the alleged inadequate medical care he received after injuring his right shoulder. *See* Doc. 6, Doc. 6–1; *see also Waterman v. Harred*, Case No. 23-3182-DDC-RES. The allegations in Case No. 23-3182 regarding inadequate care and treatment for his shoulder injury are based on his care while housed at EDCF. *See Waterman*, Case No. 23-3182, Doc. 101, at 3. Case No. 23-3182 remains pending.

In a response Plaintiff filed in his current case, he alleged that he has a new shoulder injury that is separate from the injury involved in Case No. 23-3182. (Doc. 6, at 1.) He also alleges that he was denied medical care at the Lansing Correctional Facility, which has left him with an unhealed shoulder for over a year. *Id*. Plaintiff claims that defendants at HCF reinjured his shoulder and denied him medical care. *Id*.

Although Plaintiff states that his claims in this case are based on a new injury, he continues to argue in this case that he has been denied medical care since December 2023. (Doc. 1, at 6.) Plaintiff alleges that Dr. Wilson or John Doe denied him physical therapy after it was ordered by an "orthopedic" [sic]. *Id*. Plaintiff alleges that Dr. Wade has now informed Plaintiff that he needs surgery. *Id*. Although Plaintiff claims that he now needs surgery due to this past conduct, he does not claim that he is being denied surgery. In filing an amended complaint, Plaintiff should not include claims that are covered in Case No. 23-3182 or rely on his past injury or medical care that is the subject of that case.

The Court will grant Plaintiff an opportunity to file an amended complaint regarding his Eighth Amendment medical claim. However, Plaintiff's amended complaint should not include any claims that are the subject of other pending cases.

### B. Mattress

Plaintiff alleges that UT Fox denied him a mattress for 48 hours and then he was given a mattress that was less than an inch thick with mold on it. (Doc. 1, at 6.) He argues that UT Koob was notified through a Form 9 and Sgt. Tair, and refused to order a new mattress. *Id*.

Again, Plaintiff raised this same claim regarding his mattress in a prior case that is pending before the Court. *See Waterman v. Bell*, Case No. 24-3220-JWL. Plaintiff names Defendants Fox and Koob as defendants in Case No. 24-3220.[1]

In his amended complaint in Case No. 24-3220, he alleges that he has "a moldy and torn mattress" and his "mattress is half gone or missing with mold in it." *Id*. at Doc. 10, at 7–8. Plaintiff claims in that case that Sgt. Tair told UT Koob that Plaintiff needed a new mattress and he filed a Form 9 on the issue. *Id*. at 8. His request for relief includes injunctive relief in the form of "all new mattresses." *Id*. at 14.

In his second amended complaint in Case No. 24-3220, Plaintiff alleges that cells are "furnished with moldy torn up mattresses causing [him] headaches, an[d] vomiting." *Id*. at Doc. 12, at 1. Plaintiff again alleges that he was given a "moldy torn up mattress" and his request for a new one was denied. *Id*. at 12. He claims that Sgt. Tair told Koob that Plaintiff needed a new mattress and Plaintiff told UTM Moore that his mattress was moldy and needed replaced. *Id*. He claims that he told Bell, Fox, Koob, and Moore about his moldy mattress. *Id*. Plaintiff alleges that his mattress was finally replaced on January 25, 2025. *Id*. In his request for relief, he again seeks injunctive relief in the form of "all new mattresses and promptly replace torn and moldy ones." *Id*. at 16. Case No. 24-3220 is currently pending and the Court has

---

[1] Plaintiff sought to consolidate this case with Case No. 24-3220. In denying the request, the Court noted that Plaintiff was given an opportunity to file an amended complaint in Case No. 24-3220 and "he may include in that amended complaint any claims that may be properly joined in that matter, there is no need for consolidation with Case No. 24-3220." (Doc. 5.)

11

ordered a *Martinez* Report that is not due until March 17, 2025.

Plaintiff's claim regarding his mattress in this case is duplicative of his claim in Case No. 24-3220. He should not include this claim in any amended complaint that he files.

## IV. Response and/or Amended Complaint Required

Plaintiff is required to show good cause why Plaintiff's Complaint should not be dismissed for the reasons stated herein. Plaintiff is also given the opportunity to file a complete and proper amended complaint upon court-approved forms that cures all the deficiencies discussed herein. To add claims, significant factual allegations, or change defendants, a plaintiff must submit a complete amended complaint. *See* Fed. R. Civ. P. 15. An amended complaint is not simply an addendum to the original complaint, and instead completely supersedes it. Therefore, any claims or allegations not included in the amended complaint are no longer before the court. It follows that a plaintiff may not simply refer to an earlier pleading, and the amended complaint must contain all allegations and claims that a plaintiff intends to pursue in the action, including those to be retained from the original complaint.

Plaintiff must write the number of this case (24-3239-JWL) at the top of the first page of the amended complaint and must name every defendant in the caption of the amended complaint. *See* Fed. R. Civ. P. 10(a). Plaintiff should also refer to each defendant again in the body of the amended complaint, where Plaintiff must allege facts describing the unconstitutional acts taken by each defendant including dates, locations, and circumstances. Plaintiff must allege sufficient additional facts to show a federal constitutional violation. Plaintiff is given time to file a complete and proper amended complaint in which Plaintiff (1) raises only properly joined claims and defendants; (2) alleges sufficient facts to state a claim for a federal constitutional violation and show a cause of action in federal court; and (3) alleges sufficient facts to show personal

13

participation by each named defendant. If Plaintiff does not file an amended complaint within the prescribed time that cures all the deficiencies discussed herein, this matter may be dismissed without further notice.

**IT IS THEREFORE ORDERED BY THE COURT** that that Plaintiff is granted until **April 7, 2025,** in which to show good cause, in writing to the undersigned, why Plaintiff's Complaint should not be dismissed for the reasons stated herein.

**IT IS FURTHER ORDERED** that Plaintiff is also granted until **April 7, 2025**, in which to file a complete and proper amended complaint to cure all the deficiencies discussed herein.

The Clerk is directed to send § 1983 forms and instructions to Plaintiff.

**IT IS SO ORDERED**.

**Dated March 7, 2025, in Kansas City, Kansas.**

S/ John W. Lungstrum
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**