IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BRIAN MICHAEL WATERMAN,

    Plaintiff,

v.                                            CASE NO. 24-3239-JWL

JEFF ZMUDA, et al.,

    Defendants.

## MEMORANDUM AND ORDER

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983. Plaintiff is incarcerated at the Hutchinson Correctional Facility in Hutchinson, Kansas ("HCF"). The Court granted Plaintiff leave to proceed in forma pauperis. On March 7, 2025, the Court entered a Memorandum and Order to Show Cause (Doc. 8) ("MOSC") ordering Plaintiff to show good cause why his Complaint should not be dismissed for the reasons set forth in the MOSC, or to file an amended complaint to cure the deficiencies. Plaintiff filed an Amended Complaint (Doc. 9), and on May 2, 2025, the Court entered a second Memorandum and Order to Show Cause (Doc. 10) ("MOSC II") granting Plaintiff until June 2, 2025, in which to either show good cause why his Amended Complaint should not be dismissed for the reasons set forth in the MOSC II, or to file a second amended complaint to cure the deficiencies. Plaintiff has failed to respond by the Court's deadline.

The Court found in the MOSC II that: Plaintiff's claim for money damages against defendants in their official capacity is subject to dismissal; Plaintiff's claims against SOC Zmuda and Warden Schnurr are subject to dismissal because Plaintiff has not shown the requisite custom or policy, or that these defendants caused the complained of harm, or that they acted with

1

deliberate indifference; and Plaintiff's allegations regarding retaliation are generally conclusory, lacking facts to demonstrate any adverse action or improper retaliatory motive.

The Court also found that Plaintiff failed to state an Eighth Amendment claim regarding his medical care. Plaintiff claims cruel and unusual punishment based on his medical care for his shoulder. Plaintiff alleges that he has reinjured his shoulder at HCF, and has not been allowed to see a doctor or orthopedist, or to have surgery.

The Court found in the MOSC that Plaintiff's allegations do not show a complete lack of medical care, but rather show Plaintiff's disagreement regarding the proper course of treatment or medication. He prefers to see an orthopedist now, as opposed to after completion of his physical therapy sessions. He is receiving medication, but prefers different medication.

Plaintiff takes issue with being required to complete his physical therapy sessions prior to seeing an orthopedist. Plaintiff has not shown that this course of treatment is the result of deliberate indifference. Plaintiff has not been denied all access to a doctor, orthopedist, or surgery. He is merely required to complete his physical therapy sessions first. Plaintiff acknowledges that he has seen the APRN and a physical therapist, and was ordered to conduct rubber band exercises and weekly physical therapy sessions for six weeks before seeing an orthopedist. Plaintiff does not indicate that a medical provider has informed him that he will not be able to see a doctor or orthopedist after he finishes his physical therapy, or that he will not be allowed to have surgery.

Plaintiff has failed to show that any defendant disregarded an excessive risk to his health or safety or that they were both aware of facts from which the inference could be drawn that a substantial risk of serious harm existed, and also drew the inference. Plaintiff's claims suggest, at most, negligence, and are subject to dismissal.

The Court's MOSC II provides that "[i]f Plaintiff does not file an amended complaint within the prescribed time that cures all the deficiencies discussed herein, this matter may be

dismissed without further notice." (Doc. 10, at 12.) Plaintiff has failed to respond to the MOSC II by the Court's deadline and has failed to show good cause why his Amended Complaint should not be dismissed for the reasons set forth in the MOSC II.

**IT IS THEREFORE ORDERED BY THE COURT** that this matter is **dismissed** for failure to state a claim.

**IT IS SO ORDERED**.

**Dated June 6, 2025, in Kansas City, Kansas.**

                                      **S/ John W. Lungstrum**
                                      **JOHN W. LUNGSTRUM**
                                      **UNITED STATES DISTRICT JUDGE**