IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BRIAN MICHAEL WATERMAN,

    **Plaintiff,**

    v.                                                                 CASE NO. 24-3239-JWL

JEFF ZMUDA, et al.,

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983. Plaintiff is incarcerated at the Hutchinson Correctional Facility in Hutchinson, Kansas ("HCF"). The Court granted Plaintiff leave to proceed in forma pauperis. On March 7, 2025, the Court entered a Memorandum and Order to Show Cause (Doc. 8) ("MOSC") ordering Plaintiff to show good cause why his Complaint should not be dismissed for the reasons set forth in the MOSC, or to file an amended complaint to cure the deficiencies. Plaintiff filed an Amended Complaint (Doc. 9), and on May 2, 2025, the Court entered a second Memorandum and Order to Show Cause (Doc. 10) ("MOSC II") granting Plaintiff until June 2, 2025, in which to either show good cause why his Amended Complaint should not be dismissed for the reasons set forth in the MOSC II, or to file a second amended complaint to cure the deficiencies. Plaintiff failed to respond by the Court's deadline, and on June 6, 2025, the Court entered a Memorandum and Order (Doc. 11) dismissing this matter for failure to state a claim.

This matter is before the Court on Plaintiff's "3rd Motion to Voluntary Dismiss Complaint and Object" (Doc. 13). Plaintiff alleges that he "timely filed this motion before June 3rd, 2025" and it was not e-filed by staff at HCF. (Doc. 13, at 1.) He claims he gave his second motion to staff to e-file his objection to a court order for dismissal and it was also not

1

filed. *Id*. Plaintiff claims he has been denied access to the Court and he is in a crisis cell because Major Bell is retaliating against him "trying to have [him] attacked and stabbed." *Id*. Plaintiff asks the Court to re-enter judgment for voluntary dismissal under Fed. R. Civ. P. 41(a). *Id*.

The Court's MOSC II expressly provided that "[i]f Plaintiff does not file an amended complaint within the prescribed time that cures all the deficiencies discussed herein, this matter may be dismissed without further notice." (Doc. 10, at 12.) Plaintiff did not file an amended complaint, and this case was dismissed and closed.

Even if Plaintiff had filed his motion to voluntarily dismiss prior to the deadline for responding to the MOSC II, this Court has previously denied a request to voluntarily dismiss after the Court has expended considerable time and effort in screening the complaint and entering an order to show cause why the case should not be dismissed for failure to state a claim. *See Schlobohm v. Ash*, 2025 WL 306109, at *1 (D. Kan. 2025). In *Schlobohm*, this Court found that:

> In *Large v. Beckham Cnty. Dist. Ct.*, 558 F. App'x 827, 828–29 (10th Cir. 2014), the magistrate judge had screened the plaintiff prisoner's complaint and issued a report and recommendation. Before the district court considered the report and recommendation, the plaintiff filed a motion for voluntary dismissal under Fed.R.Civ.P. 41(a)(1). The district court denied the motion because the magistrate had already expended considerable time and effort in finding that the plaintiff failed to state a claim and because the plaintiff was a "frequent filer." The plaintiff appealed, and the Tenth Circuit held as follows:
>
>> While Rule 41(a)(1)(A)(i) allows for voluntary dismissal without a court order where the opposing party has not yet served an answer or motion for summary judgment, Mr. Large cannot use it to avoid the effect of a "strike" under 28 U.S.C § 1915(g) once his case was already screened and found meritless. *See* 28 U.S.C. § 1915A(a), (b) (directing court to screen and dismiss frivolous suits by prisoners against government entities);

> Fed.R.Civ.P. 41(a)(1)(A) (stating voluntary dismissal is subject to applicable federal statutes); *Taylor v. First Med. Mgmt.*, 508 F. App'x 488, 497 (6th Cir. 2012) (unpublished); *see also Hines v. Graham*, 320 F. Supp. 2d 641, 644 (N.D. Tex. 2004); *Sumner v. Tucker*, 9 F. Supp. 2d 641, 644 (E.D. Va. 1998). *But see Thomas v. Phillips*, 83 F. App'x 661, 661-62 (5th Cir. 2003) (unpublished).
>
> *Large v. Beckham Cnty. Dist. Ct.*, 558 F. App'x 827, 828–29 (10th Cir. 2014) (unpublished); *see also Dreiling v. Henderson*, 2005 WL 1705733, at *2 (D. Kan. 2005) (a prisoner may not avoid the consequences of the "3–strike" provision in 28 U.S.C § 1915(g) by seeking dismissal of the action without prejudice after the court has screened the complaint).
>
> Plaintiff's motion is denied. Plaintiff cannot use voluntary dismissal under Rule 41(a) to avoid dismissal with prejudice and the effect of a strike under 28 U.S.C. § 1915(g).

*Schlobohm*, 2025 WL 306109, at *1.

Therefore, even if Plaintiff had moved for voluntary dismissal prior to the Court's dismissal in this case, the Court would have denied voluntary dismissal based on the reasoning set forth in the above-cited cases. The Court had already expended considerable time and effort screening Plaintiff's Complaint and Amended Complaint, and found that Plaintiff failed to state a claim for relief. Plaintiff's motion to voluntarily dismiss is denied.

The claims in this case were based on the reinjuring of Plaintiff's shoulder, the medical care he received for his shoulder, and retaliation based on a comment by staff that he may not receive minimum custody based on his civil actions. To the extent Plaintiff believes that he now has a claim based on access to the courts or his conditions after being moved to a crisis cell, he should assert those new claims in a new action after exhausting his administrative remedies for those claims. *See Dopp v. Jones*, 2014 WL 5795787 *1 (W.D. Okla. Nov. 6, 2014) (citation omitted) ("Plaintiff may not avoid the filing restriction of § 1915(g) by improperly joining two

unrelated actions in one pleading and he is entitled to proceed [in forma pauperis] only for an action that satisfies the imminent danger exception.").

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's motion (Doc. 13) seeking to voluntarily dismissed this case is **denied.** This matter was dismissed on June 6, 2025, and remains closed.

**IT IS SO ORDERED**.

**Dated June 20, 2025, in Kansas City, Kansas.**

                                          **S/ John W. Lungstrum**
                                          **JOHN W. LUNGSTRUM**
                                          **UNITED STATES DISTRICT JUDGE**